UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

MIKE SETTLE,                      )
                                  )
        Plaintiff,                )
                                  )
            v.                    )   NO. 3:07-0401
                                  )
RICKY BELL, et al.,               )   Judge Campbell/Bryant
                                  )   **Jury Demand**
        Defendants.               )

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

Plaintiff Mike Settle, a prisoner proceeding pro se and in forma pauperis, has filed his motion for a preliminary injunction (Docket Entry No. 25), seeking an order requiring defendants to transfer him from Riverbend Maximum Security Institution ("RMSI") to the Deberry Special Needs Facility where he asserts he can receive "adequate mental health treatment." Plaintiff's motion is supported by his own declaration (Docket Entry No. 26), in which he states that he suffers from "serious" depression for which he takes antipsychotic medications. He further states that he hears voices and believes that he is a god. Plaintiff states that he has not been provided "with a course of mental health therapy that's adequate at R.M.S.I." and that he is suffering irreparable harm as a result.

Defendants have responded in opposition to plaintiff's motion (Docket Entry No. 27).

### Analysis

Four factors must be considered in determining whether a preliminary injunction should be granted: (1) whether plaintiff has

shown a substantial likelihood of success on the merits; (2) whether the plaintiff has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. <u>Parker v. United States Dep't of Agriculture</u>, 879 F.2d 1362, 1367 (6th Cir. 1989).

Plaintiff's declaration, the only evidence offered in support of his motion, is wholly inadequate to carry his burden of establishing a substantial likelihood of success on the merits. Plaintiff's opinion, as an untrained layman, is incompetent to establish the adequacy (or inadequacy) of his mental health treatment at RMSI. From his declaration it appears that plaintiff does receive several antipsychotic medications where he is, so he is receiving some treatment. Whether that treatment is inadequate, and whether plaintiff is suffering irreparable injury from being deprived of different mental health treatment available at a different facility are matters that are beyond the knowledge of an untrained layman. Therefore, plaintiff's declaration is insufficient to establish a substantial likelihood of success on the merits or of irreparable injury. The record before the Court is inadequate to determine whether the issuance of a preliminary injunction would cause harm to others or affect a public interest. Nevertheless, the undersigned finds that plaintiff has failed to offer evidence supporting the issuance of a preliminary injunction, and, therefore, that his motion should be **DENIED.**

2

## **RECOMMENDATION**

For the reasons stated above, the undersigned **RECOMMENDS** that plaintiff's motion for a preliminary injunction should be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 12th day of December 2007.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge